IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv227 |
| KENNETH PUTMAN, ET AL. | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Michael Watkins, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Kenneth Putman, Todd Funai, and Darren Lane, all employed at the Coffield Unit.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrates.

Analysis

Plaintiff claims the defendants violated prison disciplinary procedures and have denied him access to the courts. Plaintiff's claims concern incidents which occurred at the Coffield Unit, located in Tennessee Colony, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  Plaintiff states the defendants are all employed at the Coffield Unit.

The claims which form the basis of plaintiff's complaint occurred at the Coffield Unit.  The Coffield Unit is located in Anderson County, Texas.  As the events of which plaintiff complains took place at the Coffield Unit, his claims arose in Anderson County, Texas.  In addition, the defendants in this action are all employed at the Coffield Unit.  When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Anderson County.  *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).  Pursuant to 28 U.S.C. § 124, Anderson County is located in the Tyler Division of the United States District Court for the Eastern District of Texas.  As a result, venue is proper in the Eastern District of Texas.

While Anderson County is in the Eastern District of Texas, it is located in the Tyler Division of the district, rather than the Lufkin Division.  When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 23rd day of November, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE